IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00215-MSK-MEH

MARK TUCKEL,

    Plaintiff,

v.

MAJOR GROVER and
STEVE KEYS,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Defendant Grover's Motion to Stay Discovery [filed May 4, 2010; docket #21]. The motion is referred to this Court for disposition. (Docket #22.) Oral argument would not materially assist the Court in its adjudication. Based on a clear right to relief as established by the Supreme Court and described herein, the Court decides the motion without reviewing a response from Plaintiff. For the reasons set forth below, the Court **GRANTS** the Motion to Stay Discovery as to Defendant Grover.

    Plaintiff *pro se* initiated this Section 1983 action on February 2, 2010. (Docket #3.) Defendant Grover responded to Plaintiff's Complaint with a combined Motion to Dismiss and alternatively, a Motion for Summary Judgment, asserting Plaintiff failed to exhaust administrative remedies. (Docket #20 at 2-3.) Defendant Grover also invokes entitlement to qualified immunity regarding Plaintiff's due process claim. (*Id*. at 5.)

    Defendant Grover filed the motion presently before the Court contemporaneously with his Motion to Dismiss. Defendant Grover contends that discovery should be stayed pending a determination

of his assertion of qualified immunity. (Docket #21 at 2.) The Court agrees.

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). As Defendant Grover raises qualified immunity as a defense in the pending Motion to Dismiss, the Court must follow Supreme Court precedent regarding staying discovery until resolution of the immunity question. Thus, the Court **GRANTS** the Motion to Stay [filed May 4, 2010; docket #21] as applied to Plaintiff's claims against Defendant Grover.

Dated at Denver, Colorado, this 6th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge