IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00215-KLM-MEH

MARK TUCKEL,

    Plaintiff,

v.

MAJOR GROVER, and
STEVE KEYS,

    Defendants.

_____

**ORDER GRANTING SUMMARY JUDGMENT
AND DISMISSING CASE WITHOUT PREJUDICE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant Grover's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment** [Docket No. 20; Filed May 4, 2010] and **Defendant Keys' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment** [Docket No. 31; Filed June 14, 2010] (collectively, the "Motions"). The Court is exercising consent jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Plaintiff, who is proceeding *pro se*, filed a single Response to the Motions on June 16, 2010 [Docket No. 38] and Defendants filed a joint Reply on June 28, 2010 [Docket No. 42]. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues. As such, the Motions are now ripe for resolution. For the reasons set forth below, the Motions are **GRANTED**.

1

## I. Factual Background

On February 2, 2010, Plaintiff filed a federal lawsuit pursuant to 42 U.S.C. § 1983 to address the conditions of his incarceration at the Arkansas Valley Correctional Facility ("AVCF") of the Colorado Department of Corrections ("CDOC"). *Complaint* [#3] at 3. Plaintiff named two Defendants: Major Grover, Plant Manager and Head of Maintenance; and Steve Keys, Manager of the "Toys for Tots" program. *Id* at 2.

In the Complaint, Plaintiff alleges that he made a deal with Defendant Grover that in exchange for completing a welding project, Defendant Grover would transfer Plaintiff from his vehicle maintenance position to a "Voc. Ed. Welding" position. *Id.* at 3. Plaintiff claims that Defendant Grover reneged on the promise after Plaintiff completed the project. *Id.* To address this alleged injury, Plaintiff filed a Step One grievance against Major Grover on October 31, 2009. *Id.* While Plaintiff does not indicate how long he waited for a response to his grievance, Plaintiff alleges that he did not receive a response. Consequently, he claims that he wrote two letters to the CDOC's Inspector General's Office which detailed the conduct of Defendant Grover and the promised job transfer. *Id.* According to Plaintiff, in response to his letters, the CDOC granted Plaintiff's release from his vehicle maintenance position. *Id.*

At some point shortly thereafter, AVCF inmates from the "Toys for Tots" program informed Plaintiff that as of February 1, 2010, they would no longer receive incentive pay. *Id.* Plaintiff alleges that Defendants Grover and Keys told the inmates that incentive pay was to be withheld because Plaintiff had filed a grievance against Defendant Grover. *Id.* According to Plaintiff, Defendant Grover specifically intended that the angry inmates would physically harm Plaintiff. *Id.* at 4. Thereafter, Plaintiff claims that he was assaulted by

2

several inmates who blamed Plaintiff for the loss of their incentive pay. *Id.* As a result, Plaintiff alleges that his eye was severely damaged. *Id.*

Pursuant to his Complaint, Plaintiff alleges that Defendants "deliberately caused and encouraged other inmates to cause me harm in violation of my 8th Amendment Rights." *Id.* at 5. Additionally, because the Court construes a *pro se* litigant's complaint liberally, I also find that Plaintiff's allegations implicate a First Amendment retaliation claim.[1] *See id.* Defendants seek dismissal of Plaintiff's claims on the grounds that Plaintiff did not exhaust his administrative remedies. *Motion* [#20] at 2.

## II. Standard of Review

Because I agree that the Motions can be resolved on the issue of exhaustion, I review the evidence pursuant to the standards for entering summary judgment.[2] Summary judgment is proper when the record before the court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if the outcome could be decided in favor of either party. *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it could reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] Defendants submit that Plaintiff may have also asserted a due process claim based on Plaintiff's assertion that he was denied a job transfer by Defendant Grover. *Motion* [#20] at 2, 4-5. In his Response, Plaintiff disputes that he intended to raise a due process claim. *Response* [#38] at 12. I agree with Plaintiff that the Due Process Clause is not implicated here.

[2] Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for Summary Judgment pursuant to Fed. R. Civ. P. 56. Because a prison inmate's failure to exhaust administrative remedies is an affirmative defense, an inmate need not plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 216-17 (2007). Accordingly, because I consider evidence outside the Complaint submitted by both parties, I consider Defendants' Motions within the context of Fed. R. Civ. P. 56.

Where the movants do not bear the ultimate burden at trial, as is the case here, they need only satisfy the initial burden of demonstrating the absence of evidence to support the nonmovant's case. *In re Ribozyme Pharm. Inc. Sec. Litig.*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show the existence of a genuine dispute of a material issue. The nonmoving party must go beyond the allegations in his pleading and provide "specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To satisfy his burden of providing specific facts, the nonmoving party must tender affidavits or other competent evidence. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The factual record and inferences therefrom are generally viewed in the light most favorable to the nonmoving party. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). However, to be entitled to preferential review, the nonmoving party must respond to the Motion for Summary Judgment. "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113

4

F.3d 1170, 1173-74 (10th Cir. 1997) (citing Hall, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis

Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to both his Eighth and First Amendment claims such that he is barred from bringing suit pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. While Plaintiff does not dispute that he technically failed to exhaust, he argues that he should be excused from the PLRA's exhaustion requirement. *Response* [#38] at 7-11.

42 U.S.C. § 1997e requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions via federal complaint. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences.") Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones,* 549 U.S. at 210-12; *Woodford v. Ngo,* 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") However, the burden is not on Plaintiff to sufficiently plead exhaustion or attach exhibits proving exhaustion in his Complaint. *Jones*, 549 U.S. at 215.

5

Rather, the burden is on Defendants to assert a failure to exhaust in their dispositive motion. As such, if the evidence presented does not create a genuine issue in Plaintiff's favor as to whether his remaining claim was properly exhausted, the Complaint must be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 & n.1 (D. Kan. Apr. 16, 2008) (unpublished decision) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice).

As a preliminary matter, the prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirement, not the PLRA, that define the boundaries of proper exhaustion."). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Baldauf v. Garoutte*, No. 03-cv-01104, 2007 WL 2697445, at *4 (D. Colo. Sept. 11, 2007) (unpublished decision) (citation omitted). Here, a three-step grievance process applies. *Affidavit* [#20-1] at 2 (citing Administrative Regulation ("AR") 850-04).

Pursuant to the Motions, Defendants presented an affidavit from the CDOC's Step Three Grievance Officer indicating that Plaintiff failed to exhaust either of his claims through the facility's three-step grievance process. *Id*. In addition, I note that Plaintiff's Complaint may be treated as an affidavit since it was signed under penalty of perjury. *See Complaint* [#3] at 7. In his Complaint, Plaintiff checked the box indicating that he did not exhaust his available administrative remedies. *Id.* at 6. Further, I note that Plaintiff does not dispute that he technically failed to exhaust. *See Response* [#38] at 7-11. Accordingly, I find that Defendants have met their initial burden of demonstrating the absence of evidence that

6

Plaintiff satisfied the PLRA exhaustion requirement. The burden therefore shifts to Plaintiff to show the existence of a genuine dispute as to whether his claim should be deemed to be exhausted or his failure to exhaust be excused.

As noted above, Plaintiff does not dispute that he failed to exhaust his administrative remedies. *See Complaint* [#3] at 6; *Response* [#38] at 7-11. Instead, he puts forth three arguments as to why he should be excused from the exhaustion requirement: (1) He argues that filing multiple grievances would be redundant and is prohibited by the CDOC's grievance policy; (2) He claims that he reasonably feared additional retaliation if he attempted to exhaust; and (3) He contends that the PLRA only requires exhaustion of "available" remedies, and Plaintiff sought an unavailable monetary remedy. *Response* [#38] at 7-11. Alternatively, Plaintiff argues that if the Court finds that he is required to exhaust, the Court should stay the case while he exhausts his administrative remedies. *Id.* at 11.

The Tenth Circuit has found that an inmate must appeal his grievance through all available channels to fully exhaust his administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.") Further, "the PLRA's exhaustion requirement applies to all inmate suits about prison life," including suits involving allegations of deliberate indifference and retaliation. *See Porter,* 534 U.S. at 532. Even where the "available" remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Jernigan*, 304 F.3d at 1032 (citing *Booth v. Churner,* 532 U.S. 731, 740). While there is a recognized exception to the requirement to exhaust

7

when procedures are not available – e.g., when an inmate has been prevented from filing a grievance or the facility refused to answer a grievance – the circumstances in this case do not appear to fall within that exception.  *See id.* at 1032.

The Court considers Plaintiff's first contention.  Specifically, Plaintiff contends that the grievance procedure is redundant and that filing multiple grievances arising from the same set of facts is duplicative and in violation of AR 850-04(IV)(E)  ("Problems that arise from the same incident or set of facts shall be grieved in one grievance . . . .")  Although not entirely clear, it appears that Plaintiff is arguing that because he cannot file redundant grievances, he cannot appeal the same set of facts to each level of the grievance process.  Plaintiff's interpretation of the grievance process is absurd.  Plaintiff seems to have misread AR 850-04(IV)(E) to mean that the same incident may not be grieved at different levels when the requirement merely provides that an inmate may not attempt to re-grieve an incident that he has already grieved at the same level.

Here, Step One grievances are investigated and answered by the involved CDOC employee, contract worker, or volunteer, together with a CDOC employee appointed by the administrative head or designee. AR 850-04(IV)(E).  Step Two grievances are investigated and answered by the administrative head or designee.  *Id.*  Finally, Step Three grievances are investigated and addressed by the CDOC Grievance Officer.  *Id.*  Requiring exhaustion within the three-tiered grievance process provides offenders a system of resolution for their complaints and allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities.  *See Jones,* 549 U.S. at 203-04.  Furthermore, while Plaintiff filed a Step One grievance regarding Defendant Grover's conduct in relation to the promised job transfer, Plaintiff did not file <u>any</u> grievances alleging Defendants' misconduct

giving rise to his Eighth and First Amendment claims. *Affidavit* [#20-1]. Even crediting Plaintiff's alleged interpretation regarding redundant grievances, Plaintiff has not afforded the CDOC the opportunity to resolve Plaintiff's complaints about this conduct at any level, and such an opportunity lies at the heart of the PLRA's exhaustion requirement.

The Court also considers Plaintiff's second contention. Specifically, Plaintiff claims that he should be excused from exhausting his administrative remedies because he "feared that further and more serious retaliation would have resulted if another grievance was filed against the Defendants, quite possibly resulting in more serious injuries, or worse." *Response* [#38] at 8. Plaintiff's contention does not pass muster. "It is highly questionable whether threats of retaliation could in any circumstances excuse the failure to exhaust administrative remedies." *Campbell v. Okla. County Det. Ctr.*, No. CIV-07-747-C, 2008 WL 490619, at *5 (W.D. Okla. Feb. 21, 2008) (unpublished decision).[3] If Plaintiff's fear of retaliation prevented him from filing grievances involving Defendants' conduct, the same fear would likely have prevented him from filing suit in federal court. Filing a federal complaint also notifies Defendants of the suit against them, which would draw their attention to an alleged violation as much, if not more, as would filing a grievance through the CDOC's formal grievance process. Furthermore, this fear could arguably be said to exist in every inmate attempting to grieve an injury allegedly caused by a prison official.

---

[3] Although Plaintiff cites *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004) for the proposition that "threats or intimidation 'may well deter a prisoner of ordinary firmness from filing an internal grievance,'" *Hemphill* is not controlling precedent in this Circuit. *Williams v. Sirmon*, 350 Fed. Appx. 294, 297-99 (10th Cir. Oct. 23, 2009) (unpublished decision). Furthermore, even within the Second Circuit, there is some doubt as to whether *Hemphill* is compatible with the Supreme Court's holding in *Woodford* that exhaustion is mandatory and not subject to court-made exceptions. *See Thomas v. BOP*, No. 06-cv-00063, 2007 WL 460847, at *8 n.2 (D. Colo Feb. 7, 2007) (unpublished decision); *Hooks v. Howard*, No. 907-CV-0724, 2010 WL 1235236, at *4 (N.D.N.Y. Mar. 30, 2010) (unpublished decision).

If fear obviated the need to exhaust, then no inmate would ever be required to comply with the PLRA. Plaintiff's argument, which is not supported by any case precedent from this Circuit, would lead to a perverse result. In addition, I note that Plaintiff fails to provide evidentiary support for his belief that complying with the CDOC's grievance process would lead to physical harm from Defendants. Therefore, I find that Plaintiff's alleged fear of reprisal does not provide a valid justification to excuse Plaintiff from complying with the PLRA's exhaustion requirement. *See Campbell*, 2008 WL 490619, at *5.

Similarly, the Court rejects Plaintiff's third contention. Plaintiff contends that because damages are not available to him against Defendants Grover and Keys, and that because the grievance process is not an "open and meaningful forum for their [inmates'] complaints" and is not "subject to clear guidelines," he need not exhaust his administrative remedies. *Response* [#38] at 8-9. The case law on this point is clear: Futility or the unavailability of a desired remedy does not excuse the requirement that a prisoner exhaust available administrative remedies. *Booth,* 532 U.S. at 741; *Jernigan*, 304. F.3d at 1032; *Sparks v. Foster*, 241 Fed. Appx. 467, 474 (10th Cir. June 19, 2007) (unpublished decision). For example, regardless that money damages are not permitted, exhaustion is required as long as there is authority to take some responsive action. *Booth,* 532 U.S. at 740; *Jernigan*, 304. F.3d at 1032.

Moreover, to the extent that Plaintiff argues that the CDOC grievance process is insufficient, this conclusory statement is not supported by the weight of the evidence and is rejected. *Scott v. Harris,* 550 U.S. 372, 380 (2007); *see also Thomas v. BOP*, 282 Fed. Appx. 701, 704 (10th Cir. June 24, 2008) (unpublished decision) (noting that a prisoner's conclusory and unsupported allegations regarding complications in the exhaustion process

do not create a dispute for summary judgment). The three-step grievance process in existence here is uncomplicated, and Plaintiff has failed to provide specific facts supported by competent evidence to suggest otherwise. Besides the Complaint, the only other evidence the Court can consider on this issue is the affidavits attached to Plaintiff's Response. However, these affidavits go to the merits of the case, and do not serve to create a genuine dispute regarding Plaintiff's failure to exhaust.

Accordingly, I find that Plaintiff has not responded in a way that raises a genuine dispute regarding his failure to exhaust. By his own admission, Plaintiff did not exhaust his administrative remedies. In addition, Plaintiff failed to provide any competent evidence that could be found to excuse his failure to comply with the PLRA's exhaustion requirement. Given that Plaintiff failed to meet his burden, Defendants are entitled to judgment as a matter of law.

Finally, Plaintiff argues that if the Court determines that he is required to exhaust, the case should be stayed until he completes the exhaustion process. *Response* [#38] at 11. However, exhaustion must occur before the filing of the lawsuit, not while it is pending. *See Porter*, 534 U.S. at 523-25. Allowing an inmate to exhaust instead of dismissing his action would trivialize the mandatory nature of the PLRA requiring a prisoner to exhaust <u>before</u> he files a federal lawsuit. *See generally Jernigan*, 304 F.3d at 1032-33.

### IV. Conclusion

Because there is no dispute that Plaintiff failed to exhaust his administrative remedies regarding the conduct at issue here, summary judgment shall enter in Defendants' favor. Accordingly,

IT IS HEREBY **ORDERED** that Defendants' Motions [##20 & 31] are **GRANTED** and

that the claims against Defendants are **DISMISSED without prejudice**.

DATED: July 14, 2010

                                                      BY THE COURT:
                                                      <u>/s/ Kristen L. Mix</u>
                                                      U.S. Magistrate Judge
                                                      Kristen L. Mix