IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00215-KLM-MEH

MARK TUCKEL,

      Plaintiff,

v.

MAJOR GROVER, and
STEVE KEYS,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Defendants' Motion for Summary Judgment**
[Docket No. 73; Filed April 30, 2012] (the "Motion").  Plaintiff, who is proceeding *pro se*,
filed a Response to the Motion on July 27, 2012 [#79] and Defendants filed a Reply on
August 23, 2012 [#82].  The Court is exercising consent jurisdiction over this matter
pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Having considered the pleadings
and the docket in this case, the Court is fully advised of the issues.  As such, the Motions
are now ripe for resolution.  For the reasons set forth below, the Motion is **DENIED**.

## I.  BACKGROUND

     Plaintiff, who is incarcerated at the Arkansas Valley Correctional Facility ("AVCF")
of the Colorado Department of Corrections ("CDOC"), initiated this action on February 2,
2010, alleging claims pursuant to 42 U.S.C. § 1983.  *Complaint* [#3] at 3-4.  Plaintiff named

1

two Defendants:  Major Grover, Plant Manager and Head of Maintenance; and Steve Keys, Manager of the "Toys for Tots" program.  *Id* at 2.

Plaintiff alleges in the Complaint that he made a deal with Defendant Grover that in exchange for completing a big welding project, Grover would transfer Plaintiff from his vehicle maintenance position to a vocational program.  *Id.* at 3.  Plaintiff claims that Grover reneged on the promise after Plaintiff completed the project.  *Id.*  Plaintiff alleges that he tried to discuss the matter with Grover but Grover became indignant towards him and refused to acknowledge the deal they had made.  *Id.*  To address this alleged injury, Plaintiff filed a grievance against Grover on October 31, 2009.  *Id.*  Plaintiff alleges that after he failed to receive a response to the grievance, he wrote two letters to the CDOC's Inspector General's Office detailing the conduct of Defendant Grover and the promised job transfer.  *Id.*  According to Plaintiff, after the second letter, the CDOC granted Plaintiff's release from his vehicle maintenance position.  *Id.*

Soon thereafter, Plaintiff alleges that AVCF inmates from the Toys for Tots program informed him that during a meeting with Defendant Keys, Keys told them that as of February 1, 2010, they would no longer receive incentive pay because Plaintiff had filed a grievance against Grover.  *Id.*  Plaintiff also alleges that Grover told his staff to identify Plaintiff as the cause of the loss of incentive pay so that other inmates would assault him for filing the grievances and sending the letters to the Inspector General.  *Id.* at 3A. Plaintiff alleges that as a result of Defendants' actions, several inmates who blamed him for the loss of their incentive pay assaulted him, causing severe damage to his eye.  *Id.*

Based on these factual allegations, Plaintiff alleges that Defendants, by encouraging other inmates to cause him harm, acted with deliberate indifference to his safety in violation

of the Eighth Amendment.  *Id.* at 4.  Additionally, as the Court held in a prior Order [#44], Plaintiff's allegations implicate a First Amendment retaliation claim.  For relief, Plaintiff seeks compensatory, punitive and nominal damages.  [#3] at 8.

On July 14, 2010, the Court granted each Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [#20, #31] and dismissed Plaintiff's claims without prejudice after finding that Plaintiff failed to exhaust his administrative remedies. [#44] at 11-12.  A Judgment [#45] in Defendants' favor was entered two days later.  On November 8, 2011, following an appeal by Plaintiff, the United States Court of Appeals for the Tenth Circuit vacated the judgment and remanded the case to the district court.  *Tuckel v. Grover*, 660 F.3d 1249, 1256 (10th Cir. 2011).  The Court held that "when a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation, that process can no longer be said to be 'available.'"  *Id.* at 1252-53.  The Court reversed and remanded because "there are disputed issues of fact about the availability of administrative remedies to Tuckel."  *Id.* at 1251.

On December 8, 2011, this Court held a Scheduling/Status Conference.  [#67]. Because the issue of exhaustion of administrative remedies remained unresolved, the Court set discovery and other deadlines with respect to that issue only.  [#67] at 1.  On April 30, 2012, Defendants filed the instant Motion [#73], again asserting that Plaintiff has failed to exhaust the available administrative remedies.

## II.   ANALYSIS

### A.   Legal Standards

#### 1.   Summary Judgment

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(c), summary judgment should enter if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). A defendant who moves for summary judgment on an affirmative defense "'must demonstrate that no disputed material fact exists regarding the affirmative defense asserted.'" *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997)). Once the defendant makes this showing, "'the plaintiff must then demonstrate with specificity the existence of a disputed material fact.'" *Id.* If the plaintiff cannot so demonstrate, the affirmative defense bars the plaintiff's claims and the defendant is entitled to summary judgment. *Id.* In deciding whether summary judgment is appropriate, the court views the evidence in the light most favorable to the non-moving party. *Duvall v. Georgia-Pacific Consumer Products, L.P.*, 607

4

F.3d 1255, 1259 (10th Cir. 2010).

Additonally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury.  *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing Hall, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### 2.    Exhaustion of Administrative Remedies

Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to both his Eighth and First Amendment claims such that he is barred from bringing suit pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  [#73] at 5-6.  Plaintiff argues in response that threats and intimidation by prison officials rendered the prison's administrative remedies unavailable to him.  [#79].

42 U.S.C. § 1997e requires that a claim regarding prison conditions must first be administratively exhausted before a prisoner may challenge those conditions in a federal lawsuit.  *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences.")  Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007); *Woodford v. Ngo,* 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.")   It is not the plaintiff's burden, however, to plead exhaustion or attach exhibits proving exhaustion in the complaint. *Jones*, 549 U.S. at 216. Rather, like other affirmative defenses, the burden is on the defendant to assert and prove that the plaintiff did not utilize administrative remedies. *Id.* at 212.

"When a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation, that process can no longer be said to be 'available.'" *Tuckel v. Grover*, 660 F.3d 1249, 1252-1253 (10th Cir. 2011).   Where a defendant establishes that a plaintiff failed to exhaust the prison's administrative remedies, "the onus falls on the plaintiff to show that remedies were unavailable to him as a result of intimidation by prison officials." *Id.* at 1254.   Under such circumstances, an inmate must make two showings:

> (1) that the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the prison administrative process; and (2) that the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance of pursuing the part of the prison administrative process that the inmate failed to exhaust.

*Id.*   "The first showing is subjective; the inmate must show that he was actually deterred. The second showing is an objective one, requiring the district court to consider the context of the alleged threat or intimidation." *Id.*

6

As a preliminary matter, the prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirement, not the PLRA, that define the boundaries of proper exhaustion."). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Baldauf v. Garoutte*, No. 03-cv-01104, 2007 WL 2697445, at *4 (D. Colo. Sept. 11, 2007) (unpublished decision) (citation omitted).

## B.    Application

Here, Defendants present evidence of a three-step administrative grievance process for CDOC inmates. *Affidavit of Grievance Officer Anthony Decesaro* [#73-1] at 1-2 (citing and attaching Administrative Regulation 850-04).  The Grievance Officer explains in his affidavit how an inmate completes the three-step grievance process, including the requirement that an inmate must proceed to the next step if the inmate is not satisfied with the response received. *Id.*  Once the inmate completes Step 3 of the process, the administrative remedies are exhausted. *Id.*

Regarding this Plaintiff, Defendants present evidence that Plaintiff did not file any grievances pertaining to the claims alleged in his Complaint.  [#73-1] at 2.  Moreover, in the Complaint, Plaintiff checked the box indicating that he did not exhaust his available administrative remedies.  [#3] at 7.  The Court notes that because Plaintiff signed the Complaint under penalty of perjury, it may be treated as an affidavit. *See* [#3] at 8.  Further, Plaintiff does not contend in his Response that he exhausted the administrative remedies. *See* [#79].  Accordingly, the Court finds that Defendants have met their initial burden of showing that Plaintiff failed to exhaust his administrative remedies for the claims alleged in his Complaint.  The burden therefore shifts to Plaintiff to show that intimidation

7

by prison officials rendered the administrative remedies unavailable to him.

Plaintiff argues that has satisfied the two-part test set forth by the Tenth Circuit in *Tuckel.* [#79] at 1-4.  He argues that he was deterred from pursuing the grievance process because of what Defendants said to other inmates about him and the resulting assault.  *Id.* at 4.  To support his argument, Plaintiff presents sworn declarations under penalty of perjury from seven different inmates who state that they were told either by Defendant Keys or by other inmates in the Toys for Tots program that incentive pay was being discontinued because of the job assignment grievance Plaintiff filed against Defendant Grover.  [#79] at 18-19 and 47-51.  According to some of the inmates, Keys held a meeting on January 13, 2010 with the inmates who worked in the Toys for Tots program and explained that their incentive pay was being taken away.  *Id.* at 18-19, 48 and 50.  These same inmates state that Keys told them that Plaintiff filed the grievance so he could transfer to welding and be included in the incentive program but that because of Plaintiff's actions nobody would receive incentive pay.  *Id.*

Plaintiff further presents evidence that he was assaulted on January 18, 2010.  [#79] at 37 and 46.  An incident report indicates that an officer observed a cut above Plaintiff's left eye on that date.  *Id.* at 46.  Plaintiff provided no information to the officer about the incident other than stating that he had a disagreement with another offender.  *Id.*  Plaintiff was then escorted to a medical facility for a medical examination.  *Id.* at 37 and 46.  Plaintiff asserts in his Complaint, which the Court treats as an affidavit, that the assault was done by several inmates who blamed him for the loss of their incentive pay. [#3] at 3A.

Defendants argue in the Reply that Plaintiff should have utilized CDOC's emergency grievance procedure which, under certain circumstances, allows an inmate to bypass the

8

normal three-step grievance process. [#82] at 6-7. They contend that the procedure is available for inmates alleging staff misconduct or where the inmate's health or safety is in jeopardy. *Id.* at 6. In light of that procedure, Defendants contend, Plaintiff cannot show he was actually deterred from filing grievances for the claims alleged in his Complaint. *Id.* at 7. That same argument, however, was squarely rejected in *Tuckel*. The Court explained:

> An inmate who has been threatened or beaten for using administrative procedures has no reason to expect that an emergency grievance procedure, by virtue of being expedited, is somehow different and will not result in retaliation. If anything, an expedited procedure could be construed as hastening the retaliation an inmate might suffer.

*Tuckel*, 660 F.3d at 1255. Thus, the availability of an alternative procedure does not refute Plaintiff's assertion that he was actually deterred from filing a grievance.

Defendants further argue in the Reply that Plaintiff cannot establish the objective element of the *Tuckel* standard because the discontinuance of incentive pay in the Toys for Tots program had nothing to do with Plaintiff. [#82] at 7-8. They assert that the change was made by the policy committee pursuant to an administrative regulation. *Id.* Additionally, regarding the alleged assault, Defendants contend that the undisputed evidence shows that Plaintiff's injury was only a minor gash above his left eye for which Plaintiff did not even seek medical attention. *Id.* at 8. Thus, they contend that the assault would not have deterred a reasonable inmate of ordinary firmness from filing grievances. *Id.* at 9.

Viewing the evidence in the light most favorable to Plaintiff, as the Court must, the Court finds that Plaintiff has shown a genuine issue of material fact regarding the unavailability of administrative remedies. Plaintiff has presented evidence that the head of the Toys for Tots program, Defendant Keys, told inmates who work in the program that

their incentive pay was being discontinued because of Plaintiff's grievance regarding his job assignment.   Though not a direct threat, Key's actions, if true, put Plaintiff at risk of harm.   Plaintiff also presents evidence that he was assaulted within days after Keys' statements to the inmates.   Plaintiff asserts that the assailants were angry about the discontinuation of incentive pay.   The Court finds that these facts are sufficient to at least create genuine issues of material fact as to whether Plaintiff was subjectively deterred from filing a grievance regarding his claims in this action and whether a reasonable inmate of ordinary firmness and fortitude would be deterred from lodging a grievance under these circumstances.   Consequently, genuine issues of material fact exist as to whether administrative remedies were available.   The Court therefore finds that Defendants are not entitled to summary judgment pursuant to their affirmative defense of exhaustion of administrative remedies.

### III.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY **ORDERED** that Defendants' Motion [#73] is **DENIED**.

DATED: November 19, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge